UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARGARET WOLFINBARGER, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No._____ |
| Harrison Ross Byck, Esq., P.C. | ) JURY TRIAL DEMANDED |
| Defendant. | ) Unlawful Debt Collection Practices |

## COMPLAINT

### I. INTRODUCTION

1. Plaintiff, Margaret Wolfinbarger alleges that Defendant engaged in abusive, deceptive, and unfair acts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337. Venue in this District is proper in that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### III. PARTIES

3. Plaintiff, Margaret Wolfinbarger, is a natural person residing in the County of St. Louis, State of Missouri, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

4. Defendant, Harrison Ross Byck, Esq., P.C. is a law firm and a debt collector operating from an address of 229 Plaza Boulevard, Suite 112, Morrisville, Pennsylvania 19067. Defendant transacts business in Missouri, but is not registered by the Missouri Secretary of State.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts it purchases after default and/or consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

7. Ms. Wolfinbarger allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5), namely, a personal credit card account with Providian Bank.

8. The alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Ms. Wolfinbarger.

9. Beginning in January, 2007, Ms. Wolfinbarger began to receive collection calls from the Defendant.

10. The calls were numerous, and always hateful and shrill.

11. Although Defendant had Ms. Wolfinbarger's location information, Defendant began calling her family members.

12. Through and including March, 2007, Ms. Wolfinbarger's mother, her brother, and her sister all received phone calls from the Defendant about this debt.

13. The family members asked the Defendant to stop calling, but they persisted.

14. Defendant called Ms. Wolfinbarger at her place of employment, despite being asked specifically not to do so.

15. Defendant threatened to place a lien on her home, implying to Ms. Wolfinbarger that a lien could be placed immediately and without need of judicial process.

16. Defendant continued to contact Ms. Wolfinbarger at her place of employment, the most recent call being on or about January 31, 2008.

## CAUSE OF ACTION
## VIOLATIONS OF THE FDCPA

17. Plaintiff incorporates herein by reference each and every prior allegation and fact as though fully restated and realleged.

18. The telephone calls to Ms. Wolfinbarger's family members, the continued telephone calls to Ms. Wolfinbarger at her place of employment despite specific requests that she not be contacted there, the threats to take actions against her real property that could not be taken at that time, and the abusive phone calls are all practices prohibited by the FDCPA. The violations include, but are not limited to, 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(a)(3), 1692c(b), 1692e(2)(A), 1692e(4), 1692e(5), and 1692f(6)(B).

19. As a result of each and every violation of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

B.   Statutory damages of $1,000 pursuant to 15 U.S.C. §1692k;
C.   Litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

D.   For such other and further relief as may be just and proper.

                          Respectfully submitted,

                          MARGARET WOLFENBARGER

By:   *[signature]*
      Debra K. Lumpkins, E.D. Mo. #502756
      Gateway Legal Services, Inc.
      Attorneys for Plaintiff
      200 N. Broadway, Suite 950
      St. Louis, MO 63102
      (314) 534-0404; Fax: (314) 652-8308
      dlumpkins@gatewaylegal.org

**PLAINTIFF DEMANDS TRIAL BY JURY**